IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN EMORY, Individually and on behalf of all others similarly situated, | CASE NO. 2:20-cv-04653-ALM-CMV |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| vs. | MAGISTRATE JUDGE CHELSEA M. VASCURA |
| THE PIZZA COTTAGE, LLC, *et al.*, | |
| Defendants. | |

**JOINT MOTION TO APPROVE**
**FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

Plaintiff Christian Emory ("Plaintiff") and Defendants The Pizza Cottage, LLC ("Pizza Cottage") and Larry Tipton ("Tipton") (collectively, "Defendants") hereby respectfully request that the Court approve the Settlement Agreement attached to this Motion as **Exhibit 1**, which settles claims under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") with Plaintiff on an individual basis.

As explained in the attached Memorandum in Support, the Settlement Agreement was reached during arms-length negotiations between the parties with the assistance of experienced counsel following substantial investigation, exchange of wage and hour data, and on the basis of mutual recognition of the strengths and weaknesses of each other's positions and the risks to each side of continued litigation.

12500780.1

Respectfully submitted,

| | |
|---|---|
| /s/ *Michael L. Fradin (email consent)* | /s/ *Steven E. Seasly* |
| Michael L. Fradin, Esq. (0070356) | Steven E. Seasly, Esq. (0070536) |
| mike@fradinlaw.com | sseasly@hahnlaw.com |
| LAW OFFICE OF MICHAEL L. FRADIN | Andrew J. Wolf, Esq. (0091054) |
| 8 N. Court St., Suite 403 | awolf@hahnlaw.com |
| Athens, Ohio 45701 | HAHN LOESER & PARKS LLP |
| 847.986.5889 – Telephone | 200 Public Square, Suite 2800 |
| 847.673.1228 – Facsimile | Cleveland, Ohio 44114 |
| | 216.621.0150 – Telephone |
| | 216.241.2824 – Facsimile |
| *Attorneys for Plaintiff* | |
| *Christian Emory* | *Attorneys for Defendants* |
| | *The Pizza Cottage, LLC and Larry E. Tipton* |

12500780.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN EMORY, Individually and on behalf of all others similarly situated, | CASE NO. 2:20-cv-04653-ALM-CMV |
| Plaintiff, | JUDGE ALGENON L. MARBLEY |
| vs. | MAGISTRATE JUDGE CHELSEA M. VASCURA |
| THE PIZZA COTTAGE, LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE
FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

Plaintiff Christian Emory ("Plaintiff") and Defendants The Pizza Cottage, LLC ("Pizza Cottage") and Larry Tipton ("Tipton") (collectively, "Defendants") hereby submit the following Memorandum in Support of their Joint Motion to Approve their Fair Labor Standards Act Settlement Agreement, which is attached as **Exhibit 1**. As a part of this settlement, Plaintiff has agreed to dismiss his collective action and class action claims in favor of an individual settlement of his individual claims under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") only.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Plaintiff's Claims.**

On September 8, 2020 Plaintiff sued Defendants, seeking to represent those similarly situated in a collective action under the Fair Labor Standards Act and a class action under Civil Rule 23. Plaintiff alleged that Defendants violated the Fair Labor Standards Act by requiring servers to perform duties unrelated to their tipped duties at the tip-credit rate, by requiring servers

12500780.1

to spend more than 20% of their time at the tip-credit rate performing duties related to their tipped duties, by requiring servers to pay cash shortages from their tips, and by failing to provide servers with notice of their tip-credit payment policy. Plaintiff also alleged that Defendants violated the Ohio Minimum Fair Wage Standards Act through the same actions that allegedly violated the Fair Labor Standards Act. Defendants answered Plaintiff's Complaint, denying all material allegations and continue to deny that Pizza Cottage's pay practices violated federal or state law. Defendants then provided Plaintiff with discovery in the form of pay records that they contend refute Plaintiff's claims.

**B. Discovery and Negotiation of the Settlement.**

In an effort to resolve Plaintiff's claims, Defendants provided Plaintiff with his pay records, as well as payroll information related to other servers employed by Pizza Cottage. According to the documents produced by Defendants, Plaintiff was employed by Pizza Cottage from September 14, 2019 until October 3, 2019. According to the records produced, during that time period, Plaintiff worked a total of 52.50 hours, 2.53 of which were compensated at the tip-credit rate. According to the records produced by Defendants, Plaintiff was compensated at the minimum wage for all other hours worked. Based on the information contained in Defendants' records, the parties began private settlement negotiations and reached an agreement to settle Plaintiff's claims against Defendants on an individual basis.

**C. Settlement Terms.**

The Settlement Agreement resolves only Plaintiff's individual claims against the Defendants for the total amount of $9,900.00, which includes court costs of $400.00 and attorneys' fees in the amount of $7,500.00. In exchange Plaintiff forever releases Defendants from any and all claims he could bring, including, but not limited to, his claims under the FLSA and OMWFA.

### II. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT

**A. The Settlement Agreement Settles a Bona Fide Dispute and Was Negotiated at Arm's Length.**

Settlements of claims under the Fair Labor Standards Act are subject to Court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). Courts approve such settlement agreements "if there is a bona fide dispute under FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-length negotiation, and the agreement is fair, reasonable, and adequate." *See, e.g.*, *Slaughter v. 5 Star Pizza, LLC*, S.D. Ohio No. 2:19-cv-1456, 2019 WL 6526014, *1 (Dec. 4, 2019) (citing cases).

As described above, Defendants deny liability to Plaintiff on all counts alleged in Plaintiff's Complaint and have produced business records that they contend support their position—a clear bona fide dispute. Further, the Settlement Agreement in this matter was reached through an arms-length negotiation. After the exchange of relevant discovery, both parties, through counsel, discussed the relative merits of their positions, as well as the settlement terms being submitted for Court approval.

**B. The Settlement Agreement Is Fair, Reasonable, and Adequate Under the Seven-Factor Test.**

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the

3

likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)); *see also Call v. CTA Pizza, Inc.*, S.D. Ohio No. 2:18-cv-00696, 2019 WL 53070071, *3 (Oct. 21, 2019). Application of those factors to this Settlement Agreement demonstrates that approval is warranted.

### 1. There Is No Indicia of Fraud or Collusion.

Plaintiff's Counsel and Defendants' counsel have extensive experience litigating FLSA claims, including claims for violations of the tip credit rule. All parties were given the opportunity to assess the merits of the parties' claims and defenses, as well as the potential damages at issue in this case because Defendants provided Plaintiff's counsel with the applicable pay records at issue. The Settlement Agreement was achieved only after arms-length and good-faith negotiations between the parties. As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the parties disagree about the merits of Plaintiff's claims. Plaintiff alleges that Defendants violated the tip credit provisions of the FLSA. Defendants have denied all liability to Plaintiff. The parties dispute includes factual issues such as the tasks that were assigned to Plaintiff, the rates at which Plaintiff was paid, and even the dates Plaintiff was employed by Pizza Cottage. If this matter does not settle, the parties would continue to litigate issues related to liability, damages, certification of a class, and whether the two or three-year statute of limitations applies.

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently.

The parties engaged in a thorough investigation and informal discovery prior to negotiating the Settlement Agreement. Specifically, Defendants provided Plaintiff with his daily clock-in times, rates of pay, and total hours worked, as well as the same redacted information for all employees employed at the same Pizza Cottage location where Plaintiff was employed and a sample from the other five Pizza Cottage locations. These documents covered a three-year period, allowing Plaintiff's counsel to evaluate the potential damages that might be recovered on behalf of Plaintiff and any potential class. Plaintiff has calculated the unliquidated amount due him to be $780.00 and, therefore, the $2,000.00 payment to Plaintiff is greater than a 250% premium to the unliquidated amount Plaintiff alleges owed.

Counsel for both parties debated the relative merits of their clients' claims and defenses, giving both parties the opportunity to evaluate the issues in the case completely.

### 4. Plaintiff's Likelihood of Success on the Merits Favor Approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. In the present case, Plaintiff has alleged that Defendants violated the tip credit provisions of the FLSA by requiring him to perform unrelated tasks while compensated at the tip credit rate, requiring him to perform related tasks that exceeded 20% of his time when compensated at the tip credit rate, requiring him to reimburse cash shortages, and not informing him of Pizza Cottage's tip policy. Defendants have raised a number of affirmative defenses and disputed the factual basis for Plaintiff's claims. Further, the parties disagree about whether Plaintiff would be entitled an entire forfeiture of the tip credit or some portion thereof, what tasks Plaintiff actually completed while clocked in at the tipped rate, and whether Plaintiff was ever required to reimburse Pizza Cottage

for cash shortages. Based on Pizza Cottage's pay records, it is possible that litigating this case to its lawful conclusion could result in no recovery to the Plaintiff. The disputed issues in this case and the hurdles Plaintiff must overcome favor approval of the Settlement Agreement.

### 5. Experienced Counsels' Views Favor Approval.

The parties' counsel has extensive experience in wage-and-hour collective and class actions, and the parties have acted in good faith. The parties' counsel support the Settlement Agreement as fair and reasonable. Courts give weight to the judgment of experienced counsel. *See, e.g.*, *Slaughter*, 2019 WL 6526014, *2 (citation omitted).

### 6. Reactions of Absent Class Members.

Because Plaintiff is settling his claims on an individual bases, the reactions of absent class members are irrelevant. *See, e.g.*, *Call v. CTA Pizza, Inc.*, S.D. Ohio No. 2:18-cv-00696, 2019 WL 53070071, *4 (Oct. 21, 2019).

### 7. The Public Interest Favors Approval.

The public interest favors settlement as it avoids the costs of long and protracted litigation. *See e.g.*, *Kritzer v. Safelite Solutions, LLC*, S.D. Ohio No. 2:10-cv-0729, 2012 WL 1945144, *6 (May 30, 2012). Accordingly, the public interest weighs in favor of approving the Settlement Agreement.

### III. PLAINTIFF'S ATTORNEY'S FEES ARE REASONABLE

Under § 16(b) of the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). This "encourage[s] the vindication of congressionally identified policies and rights." *Id.* Plaintiff's counsel's lodestar is currently $12,750.00 and Plaintiff's counsel's costs are $400.00. The settlement provides for Defendants to

pay $7,500.00 in fees and $400.00 in costs, a greater than 40% reduction to Plaintiff's Counsel's lodestar. (See *Frad. Decl.*).

**IV.  CONCLUSION**

For the foregoing reasons, the parties respectfully request that this Court enter an Order approving the Settlement Agreement and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ *Michael L. Fradin (email consent)* | /s/ *Steven E. Seasly* |
| Michael L. Fradin, Esq. (0070356) | Steven E. Seasly, Esq. (0070536) |
| mike@fradinlaw.com | sseasly@hahnlaw.com |
| LAW OFFICE OF MICHAEL L. FRADIN | Andrew J. Wolf, Esq. (0091054) |
| 8 N. Court St., Suite 403 | awolf@hahnlaw.com |
| Athens, Ohio 45701 | HAHN LOESER & PARKS LLP |
| 847.986.5889 – Telephone | 200 Public Square, Suite 2800 |
| 847.673.1228 – Facsimile | Cleveland, Ohio 44114 |
| | 216.621.0150 – Telephone |
| *Attorneys for Plaintiff* | 216.241.2824 – Facsimile |
| *Christian Emory* | |
| | *Attorneys for Defendants* |
| | *The Pizza Cottage, LLC and Larry E. Tipton* |

7

## **CERTIFICATE OF SERVICE**

This is to certify that on February 24, 2021, a true and correct copy of the foregoing *Joint Motion to Approve Fair Labor Standards Act Settlement Agreement* and *Memorandum in Support* were served via the Court's CM/ECF filing system upon the following counsel of record:

Michael L. Fradin, Esq.
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St., Suite 403
Athens, Ohio 45701
mike@fradinlaw.com

*Attorney for Plaintiff*

>  /s/ Steven E. Seasly
>  *One of the Attorneys for Defendants*
>  *The Pizza Cottage, LLC and Larry E. Tipton*